UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
LS HOME SERVICES, INC., et al.,

                              Plaintiffs,

               -against-

BLACKMAN PLUMBING
SUPPLY CO., INC., et al.,

                           Defendants.
--------------------------------------------------------x

**ORDER**

10-CV-1984 (SLT) (VMS)

**TOWNES, United States District Judge:**

On May 3, 2010, Plaintiffs LS Home Services, Inc., Lone Star Heating Inc., Assured Mechanical Service Corp., Heatserve Corp., and John LaCertosa (collectively, "Plaintiffs") commenced this civil action pursuant to the Racketeer Influenced and Corrupt Organizations Act against Blackman Plumbing Supply Co., Inc., Richard Blackman, Michael Schirano (collectively, "Blackman Defendants"); Sundack C.P.A., P.C., Steven Sundack, and Jon Sundack, (collectively, "Sundack Defendants"); Paul Bedford; and other corporate entities. After protracted motion practice and many delays by Plaintiffs, the parties[1] now move with regard to (1) the schedule for outstanding motion papers; and (2) representation of the Plaintiff corporate entities.

I.     **PROCEDURAL HISTORY**

On September 23, 2011, this Court granted Blackman Defendants' and Sundack Defendants' motions to dismiss, giving Plaintiffs leave to file an amended complaint by November 23, 2011. After enjoying two extensions, Plaintiff filed an amended complaint on

---

[1]     Defendant Paul Bedford withdrew his motion to dismiss and instead filed an answer. (See Docket No. 67).

February 6, 2012. (Docket No. 79). The Court thereafter ordered that these Defendants serve

motions to dismiss by May 25, 2012, and that Plaintiffs serve opposition papers by July 19,

2012. (Docket No. 84). Plaintiffs requested an extension of time until August 31, 2012, to

oppose the motions, which the Court granted. (Docket No. 87). On that date, however,

Plaintiffs' counsel informed the Court that he had been terminated and requested a stay of the

proceedings. (Docket No. 88). Plaintiff LaCertosa also filed a request for a continuance of his

time to serve opposition papers, asserted that he disagreed with his attorney's handling of the

case, and requested that he be permitted to appear pro se in this action. (Docket No. 89). On

September 5, 2012, the Court stayed the proceedings pending resolution of counsel's motion to

withdraw, which matter was referred to Magistrate Judge Vera M. Scanlon. (Docket No. 91).


## II.   STATUS AND PENDING REQUESTS

On September 24, 2012, Judge Scanlon held a conference regarding Plaintiff LaCertosa's

motion. Judge Scanlon informed Plaintiff LaCertosa, inter alia, that the appointment of pro bono

counsel was not likely[2], that any extension of time would be brief, and that "Plaintiff corporate

entities must have counsel to proceed in this action." (Docket No. 95 at 4-5). Moreover, if

counsel did not appear, "Defendants would be entitled to move to move to dismiss the action and

that motion would likely be granted." (Docket No. 95 at 5). Plaintiff LaCertosa confirmed that

he understood these considerations. Judge Scanlon directed the parties to request a briefing

schedule for the remaining motion papers by October 25, 2012, and granted Plaintiffs the same

date to retain new counsel for the corporate entities. (Docket No. 95 at 5-6).

---

[2]    Indeed, on November 1, 2012, Judge Scanlon denied Plaintiff LaCertosa's application for
pro bono representation, noting that counsel "was willing to continue the representation but-for
Plaintiffs' decision to discharge him because of a disagreement as to some of the decisions made
by the attorney." (Docket No. 104 at 2).

On October 24, 2012, Plaintiff LaCertosa informed the Court that he had been unable to obtain new counsel. (Docket No. 98 at 1). He acknowledged "I was made aware and understand that a Pro Se litigant can[not] represent corporate plaintiffs," but claimed that "I am ready and capable of proving that the damages . . . were not only done directly onto the corporate plaintiffs but, were done directly onto me, individually," so that "the corporate plaintiffs are not needed in this matter." (Docket No. 98 at 2). Plaintiff LaCertosa stated that "the Sundak defendants' motion was faxed to me by my former attorney in its entirety," but that the fax of the Blackman defendants' motion ended in an incomplete sentence. (Docket No. 98 at 2). He requested "a minimum of 5 days" to review the motions to be sure they were the same as originally served. (Docket No. 98 at 2). On October 24, 2012, Blackman Defendants requested that corporate Plaintiffs be dismissed from this action, indicated that they re-served their motion to dismiss, and proposed a new briefing schedule. (Docket No. 101). Plaintiff LaCertosa did not reply until November 13, 2012, requesting that the Court: (1) direct Sundack Defendants to re-serve their motion; (2) adopt a more extended briefing schedule; (3) permit his sur-reply to address issues beyond his standing; and (4) allow him to represent the corporate Plaintiffs pro se. (Docket No. 105).

## III.   CONCLUSION

Given the numerous extensions granted to Plaintiffs and Plaintiff LaCertosa's express understanding as to representation of the corporate entities, the Court hereby ORDERS that:

(1)     Plaintiff LaCertosa may not represent the corporate Plaintiffs pro se, so that these corporate Plaintiffs are DISMISSED from the action;

(2)     Sundack Defendants need not re-serve their motion, as Plaintiff LaCertosa reported to the Court that he was faxed the document in its entirety by his former counsel;

(3)     By December 7, 2012, Plaintiff LaCertosa will serve his opposition papers;

(4)     By December 28, 2012, Blackman Defendants and Sundack Defendants will serve any replies and be permitted to address Plaintiff LaCertosa's standing;

(5)     By January 18, 2012, Plaintiff LaCertosa will serve any sur-reply solely as to the issue of his standing; and

(6)     All papers will be filed by January 21, 2012.

**SO ORDERED.**                              s/Sandra L. Townes

                                             /SANDRA L. TOWNES
                                             United States District Judge

Dated: November *19*, 2012
       Brooklyn, New York

4